UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 COLE P. HORSMAN
 United States Army, Appellant

 ARMY 20100971

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Karin G. Tackaberry, Military Judge
 Colonel Stephen J. Berg, Staff Judge Advocate

For Appellant: Major Laura Kesler, JA; Lieutenant Colonel Jonathan F.
Potter, JA (on brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 7 June 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a special court-martial sentenced
appellant to a bad-conduct discharge, confinement for five months,
forfeiture of $1,081.00 pay per month for five months, and reduction to
Private E1. The convening authority approved the sentence as adjudged. On
appeal, this court reviewed this case on its merits pursuant to Article 66,
Uniform Code of Military Justice, 10 U.S.C. § 866 [hereinafter UCMJ]. In
our review, we found error with respect to the adjudged forfeitures the
military judge imposed.

 Rule for Courts-Martial 201(f)(2)(B) [hereinafter R.C.M.] prohibits
special courts-martial from adjudging forfeiture of pay exceeding two-
thirds pay per month or any forfeiture of pay for more than one year. In
this case, the military judge announced a sentence in excess of allowable
forfeitures authorized pursuant to R.C.M. 201 (f)(2)(B)(i). See also
R.C.M. 1003 (b)(2) and Article 19, UCMJ. The convening authority, in the
action, subsequently approved the excessive forfeitures.
 We affirm the findings of guilty. After considering the entire
record, this court affirms only so much of the sentence as provides for a
bad-conduct discharge, confinement for five months, forfeiture of $964.00
pay per month for five months, and reduction to Private E1. All rights,
privileges, and property, of which appellant has been deprived by virtue of
that portion of his sentence set aside by this decision, are hereby ordered
restored. See UCMJ Art. 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court